UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORANGE COUNTY ELECTICAL INDUCTRY HEALTH AND WELFARE TRUST FUND; LOCAL UNION NO. 441 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and DOUGLAS CHAPPELL, as Trustee of the above Trust Fund,<br><br>Plaintiffs,<br><br>v.<br><br>FTR INTERNATIONAL, INC., a California corporation<br>Defendant. | Case No.: 5:12-CV-02448 EJD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: Docket No. 12] |

In this ERISA enforcement action, Plaintiff Douglas Chappell, in his capacity as trustee and fiduciary of Plaintiff Orange County Electrical Industry Health and Welfare Trust Fund ("the Trust Fund") and Plaintiff Local Union No. 441 of the International Brotherhood of Electrical Workers ("the Union" or "IBEW Local 441") (collectively "Plaintiffs") move for an entry of default judgment against Defendant FTR International, Inc. ("Defendant"). Having reviewed Plaintiffs' submissions, the Court finds this matter appropriate for decision without oral argument. See Civil L.R. 7–1(b). For the following reasons, the motion is GRANTED.

1

# I. BACKGROUND

The Trust Fund is a multi-employer employee benefit plan as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 U.S.C. § 1002(3), (37); 29 U.S.C. § 1132(d)(1); Compl. ¶ 3, Docket Item No. 1. Under the terms of the collective bargaining agreement Plaintiff IBEW Local 441 enters into with its employers, the employers must make contributions to the Trust Fund. Compl. ¶ 3. As trustee to the plan, Plaintiff Chappell has the authority and duty to administer the Trust Fund, which includes the collection of unpaid employer contributions and related losses. Id. ¶ 4.

Plaintiffs allege that Defendant agreed to be "bound to the terms and conditions of the most recent collective bargaining agreement" via a Letter of Assent. See Decl. of Chloe Quail in Support of Motion for Default Judgment ("Quail Decl."), Docket Item No. 10, Ex. A. The Collective Bargaining Agreement required employers like Defendant to make specific payment contributions into the Trust Fund. See Inside Wireman's Agreement, Quail Decl. Ex. B ("Collective Bargaining Agreement"); Compl. ¶ 6. The Collective Bargaining Agreement also provides that employers who fail to make timely contributions to the Trust fund are liable for unpaid contributions, interest, liquidated damages, and attorneys' fees and costs. Compl. ¶ 7. Plaintiffs allege that Defendant failed to pay contributions for at least the period between December 2011 and February 2012. Id. ¶ 8.

Plaintiffs filed this action on May 14, 2012. See Compl. Proper service was made and proof of service was filed. See Docket Item No. 4. Pursuant to Plaintiffs' request, the Clerk entered Defendant's default on June 15, 2012. See Docket Item No. 11. On July 17, 2012, Plaintiffs filed this Motion for Default Judgment. See Docket Item No. 12. Defendant has not submitted written opposition to the motion, and the time for such opposition has expired. See Civ. L.R. 7–3(a).

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987).

### B. Jurisdiction

Courts have an affirmative duty to examine their own jurisdiction—both subject matter and personal jurisdiction—when entry of judgment is sought against a party in default. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Here, this court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e), which bestows jurisdiction to United States district courts over civil enforcement of ERISA violations. Personal jurisdiction arises from service upon Defendant in California. See Docket Item No. 4; Burnham v. Sup. Ct., 495 U.S. 604, 610–11 (1990).

### C. The Eital Factors

Application of the facts of this case to the Eital factors favors entry of default judgment against Defendant.

First, if the motion were denied, Plaintiffs may be unable to recover and provide the contributions owed to the beneficiaries and members of the Trust Fund. In that regard, failure to enter default judgment would result in prejudice to Plaintiffs and the parties they represent.

Second, as evinced by the Complaint, Plaintiffs' have brought forth a meritorious claim. Default judgment cannot be entered if a complaint fails to state a claim for which relief can be granted. See Moore v. United Kingdom, 384 F.3d 1079, 1090 (9th Cir. 2004). In this case, Plaintiffs claim that Defendant has violated both ERISA and the Labor Management Relations Act ("LMRA") in its failure to pay contributions to the Trust Fund pursuant to the Collective Bargaining Agreement it entered into. See Compl. ¶ 9–14. These allegations are sufficient to state a claim for relief under the pleading standards of Federal Rule of Civil Procedure 8.

Third, the sum of money at stake in this action is relatively small. A large sum of money at stake is a factor disfavoring default judgment. See Eitel, 782 F.2d at 1472 (considering an amount in controversy of $2.9 million to be a factor, in light of others, for affirming the denial of default judgment). In this case, Plaintiffs have asked for a total judgment of approximately $20,000, a far cry from the $2.9 million contemplated in Eitel. The modest sum in controversy in the case at hand weighs in favor of entering default judgment.

Fourth, there is no dispute of material fact. Indications that there is a dispute of material fact weigh against entry of default judgment. Eitel, 783 F.2d at 1471–72. Here, Defendant has not disputed any of Plaintiffs' contentions, and all material facts are verifiable.

Fifth, it is unlikely that default was the result of excusable neglect. This action was filed nearly four months ago and, as noted, Defendant was properly served. Defendant is aware of the payment obligations for which it is responsible.

And sixth, although federal policy generally disfavors the entry of default judgment, all of the Eitel factors weigh in favor of a default judgment here. Therefore, the motion to enter default judgment will be granted.

4
Case No.: 5:12CV-02448 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**D. Damages**

Plaintiffs' action is based on the statutory duty provided by section 515 of ERISA, which states that an employer who is obligated to make contributions to a multi-employer plan must do so in accordance with the terms and conditions of such plan or such agreement. 29 U.S.C. § 1145. Section 502(g) of ERISA states that in an action to enforce section 1145, the court shall award the plan unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

Plaintiffs seek interest on delinquent and unpaid contributions, as well as liquidated damages, attorneys' fees, and costs for a total of $19.843.66 plus $3.23 per day after July 16, 2012 until judgment is ordered based on the eight percent interest rate on all principal.

According to our court of appeals:

> Section 1132(g) (2) of ERISA provides that when there is a judgment in favor of an employment benefit trust, the court shall award the trust unpaid contributions, interest on unpaid contributions, liquidated damages in some instances, and reasonable attorney fees. The language "shall award" denotes that such an award is mandatory. While attorney's fees are discretionary in the case of many ERISA claims, we have recognized on numerous occasions that attorney's fees are not discretionary in section 1132(g)(2) cases.

Operating Engineers Pension Trust v. A–C Co., 859 F.2d 1336, 1342 (9th Cir. 1988) (citations omitted). Plaintiffs are therefore entitled to the award of unpaid contributions and interest as well as attorneys' fees and costs.

Additionally, Plaintiffs seek liquidated damages. In order to award statutory liquidated damages in the Ninth Circuit, (1) the fiduciary must obtain a judgment in favor of the plan, (2) unpaid contributions must exist at the time of suit, and (3) the plan must provide for liquidated damages. Once the provision applies, liquidated damages are mandatory. Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).

5
Case No.: 5:12CV-02448 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Here, all three requirements for liquidated damages are satisfied. Contributions for the months of December 2011 to February 2012 were unpaid, and remain unpaid to date. Compl. ¶ 8. Furthermore, the agreement between Plaintiffs and Defendant provided for liquidated damages. Quail Decl. Ex. B. Thus, Plaintiffs are entitled to an award of unpaid contributions and interest, liquidated damages, and attorneys' fees and costs in the total amount of $19.843.66 plus $3.23 per day after July 16, 2012 until judgment is ordered.

## III. CONCLUSION AND ORDER

Based on the foregoing, Plaintiffs' motion for entry of default judgment is GRANTED in the amount of $19.843.66 plus $3.23 per day after July 16, 2012 until judgment is ordered. Judgment will be entered accordingly, and the Clerk shall then close this file.

**IT IS SO ORDERED.**

Dated: September 18, 2012



EDWARD J. DAVILA
United States District Judge

6
Case No.: 5:12CV-02448 EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT